32472. CITIZENS LOAN & SECURITY COMPANY *v.* TRUST COMPANY OF GA.

DECIDED APRIL 26, 1949.

*Phillips, Johnson & Williams,* for plaintiff.

*Spalding, Sibley, Troutman & Kelley, James A. Branch Jr., Cumming, Cumming & Cumming,* for defendant.

TOWNSEND, J.   Prior to the adoption of the Recommended Fictitious Payee Act (Code, Ann. Supp., § 14-209, Ga. L. 1945, p. 256), the law of this State provided as follows: (Code § 14-209) "The instrument is payable to bearer:   .  .   (3) When it is payable to the order of a fictitious or nonexisting person and such fact was known to the person making it so payable." The Recommended Fictitious Payee Act changed this provision of the law to read as follows:   "The instrument is payable to bearer:   .  .   (3) When it is payable to the order of a fictitious or nonexisting [or] living person *not intended to have any interest in it,* and such fact was known to the person making it so payable, *or known to his employee or other agent who supplies the name of such payee."* (Italics ours.)   Code (Ann. Supp.), § 14-209.   The part of the foregoing quoted statute shown in italics represents the changes in our law wrought by the adoption of the Recommended Fictitious Payee Act by the General Assembly of this State.

Prior to the passage of this act in 1945, the drawee bank was liable when the name of the nonexisting or fictitious payee was forged, and the maker had no knowledge of the fact that such payee was fictitious and nonexisting.   See *First National Bank of Atlanta* v. *American Surety Co.,* 71 *Ga. App.* 112 (30 S. E. 2d, 402), and this was the rule notwithstanding the fact that an employee or other agent of the maker who supplied the name of such payee to the maker knew this fact.   It is suggested that the decision in *First National Bank* v. *American Surety Co.,* supra, prompted the General Assembly to adopt the Recommended Fictitious Payee Act, which was adopted the year following the rendition of that decision.

The act itself has not heretofore been construed by the appellate courts of this State.   However, of the ten States which have adopted the act it has been construed by the appellate courts of Illinois in Houghton Mifflin Co. *v.* Continental Ill. Nat'l Bank & Trust Co. of Chicago, 293 Ill. App. 423 (12 N. E. 2d, 714), and also by the Court of Appeals of New York.   See

Swift & Co. *v.* Bankers Trust Co., 280 N. Y. 135 (19 N. E. 2d, 992). The courts there held, in construing substantially the same statute that is before us, that the checks which were issued there under somewhat the same circumstances as here were bearer instruments, and that the drawee banks were not liable. Our attention is directed to a provision contained in Paton's Digest of Opinions, Vol. II (1948 Supp., § 6:9, p. 3-4) as follows: "The object of this statute is to protect banks from losses which they · frequently sustain as a result of fraud exercised by an agent of a bank depositor. The fraud referred to is usually perpetrated in the following manner. The agent prepares fraudulent documents which indicate that the principal is indebted to a named party, and, by means of these documents, obtains the principal's signature on a check payable to the supposed creditor. The agent then forges the payee's indorsement and cashes the check, which is eventually paid by the drawee bank. Such indorsement, being a forgery, would not pass a valid title to the check. Consequently, the drawee bank would be liable to its depositor in paying the check and any bank which collected the check would be liable to the bank from which payment was received. If such a check were regarded as a bearer instrument, the forged indorsement would be immaterial, so far as the passing of title is concerned, and the drawee bank would be protected. . . The amended section 9 (3) quoted in the original opoinion, p. 1867, Vol. II, of the Digest, makes such check a bearer instrument where the fictitious character of the payee is known to the agent who supplies the name of such payee to the person who signs the check. In the States which have amended the statute, a bank would be protected in paying a check issued through the fraud of an agent in the manner outlined above."

In the instant case, the checks were made payable to the order of fictitious and nonexisting persons, and the fact was known to George S. Gaines, the agent of the plaintiff who was located at Griffin, Georgia and he supplied the names of the fictitious payees to the plaintiff.

As pointed out in the foregoing quoted opinion from Paton's Digest, the object of the statute is to protect drawee banks from losses which otherwise would be sustained as the result of fraud

exercised by an agent of a bank depositor in cases similar to the one at bar.

Applying the rule laid down in Code § 102-102 (9), governing the construction of all statutory enactments, and looking diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy, it follows that the checks in the instant case were bearer instruments.

Counsel for the plaintiff contend that the conduct of George S. Gaines in furnishing the names of the fictitious payees to his principal, the plaintiff, who in turn filled out the checks and sent them to the agent, did not amount to "supplying" the names of the payees as contemplated by the statute under consideration; that in order for the agent to have "supplied" these names, he would have had to have prepared the checks with the names of the payees placed therein by him, and sent the checks thus prepared to the plaintiff for its signature. The petition in substance alleges that the agent of the plaintiff furnished these names to the plaintiff to be made payees. One of the definitions of the word "supply" according to Webster's New International Dictionary, 2nd Edition, is "furnish." Also, according to the same authority, one of the definitions of the word "furnish" is "supply." Clearly the conduct of the agent, as disclosed by the allegations of the petition, amounted to supplying the names of the payees within the meaning of this statute.

The judgment of the trial court sustaining the demurrer and dismissing the petition is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*